Cesar VIDAL–SALINAS; Marlene Milagros Vidal; Petitioners,

v.

John ASHCROFT, Attorney General,* Respondent.

No. 02–71768.

Agency Nos. A70–814–965, A70–815–055.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.**

Decided Dec. 10, 2004.

Cesar Vidal–Salinas, Burbank, CA, pro se.

Marlene Milagros Vidal, Burbank, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Immigration & Naturalization Service, Michael J. Dougherty, San Francisco, CA, Michele Y.F. Sarko, Attorney, OIL, Department of Justice, Washington, DC, for Respondent.

Before GOODWIN, WALLACE and TROTT, Circuit Judges.

* The court sua sponte changes the docket, pursuant to 8 U.S.C. § 1252(b)(3)(A), to reflect that John Ashcroft, Attorney General, is the proper respondent.

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM ***

Cesar Vidal–Salinas and Marlene Milagros Vidal, husband and wife and natives and citizens of Peru, petition pro se for review of the Board of Immigration Appeals' (BIA) summary affirmance of an Immigration Judge's ("IJ") order denying their applications for asylum and withholding of deportation. We have jurisdiction under the former 8 U.S.C. § 1105a(a). *See Kalaw v. INS,* 133 F.3d 1147, 1150 (9th Cir.1997). We review for substantial evidence the denial of asylum and withholding of deportation and will reverse the IJ's determination only if petitioner shows evidence that compels such a result. *Sangha v. INS,* 103 F.3d 1482, 1487 (9th Cir.1997). We review de novo due process violation claims. *Barron v. Ashcroft,* 358 F.3d 674, 677 (9th Cir.2004). We deny the petition.

Even assuming that Vidal–Salinas was credible, substantial evidence supports the IJ's finding that he failed to submit any evidence that the guerrillas were motivated to persecute him on account of political opinion. *See INS v. Elias–Zacarias,* 502 U.S. 478, 483, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Because he failed to demonstrate eligibility for asylum, it follows that he did not satisfy the more stringent standard for withholding of deportation. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

Vidal–Salinas' challenge to the BIA's streamlining procedure is foreclosed by *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849–52 (9th Cir.2003).

Pursuant to *Elian v. Ashcroft,* 370 F.3d 897 (9th Cir.2004) (order), petitioners' vol-

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

untary departure period will begin to run upon issuance of this court's mandate.

PETITION FOR REVIEW DENIED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

